People of the State of Illinois, Plaintiff-Appellee, v. James L. Stewart and George Good, Defendants-Appellants.

Gen. Nos. 51,404, 51,405. (Consolidated.)

First District, Second Division.

June 18, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (John J. Van Zeyl and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

■■■■■■

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard A. Rinella, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

George Good and James Stewart were found guilty at a bench trial of the crime of attempt robbery. Good was sentenced to a term of one to four years in the penitentiary, and Stewart was sentenced to a term of two to five years in the penitentiary. Defendants maintain that they were not proven guilty beyond a reasonable doubt in that the identification evidence was vague, doubtful and uncertain, and that they were not shown in and identified at a police lineup.

Rudolph Siuszko, the prosecuting witness, testified that at 10:00 p. m. on November 27, 1965, he closed his business office at 3439 West Ogden Avenue in Chicago and boarded an Ogden Avenue bus to Kedzie Avenue. He alighted from the bus at Kedzie Avenue and waited in front of a drugstore on the southwest corner of that intersection for a southbound Kedzie Avenue bus. At approximately 10:20 p. m. three men approached Siuszko, two of whom he later identified as defendants Good and Stewart, and demanded money from him. After a two or three minute conversation, during which time Siuszko stated that he had no money, both defendants began beating Siuszko about the face and chest with their fists, while the third man stayed a short distance off. Siuszko testified that Good had a knife in the hand with which he was striking Siuszko, but that the blade was not exposed; a knife admitted into evidence at trial was identified by Siuszko as the one which Good had in his hand during the altercation. After some six blows were thrown by the defendants, Siuzko's spectacles were knocked to the pavement. Siuszko testified that at that

379

point someone called out, "The heat is coming," and the three men fled, one man on an Ogden Avenue bus and the other two men on foot, south on Kedzie Avenue.

Siuszko further testified that a crowd had gathered at the scene, that he called out for his spectacles and that a bystander picked them up and handed them to him. A few minutes later police officers returned Good and Stewart to the scene and Siuszko identified them as his assailants. The witness also testified that he had cataracts removed from his eyes, and that his vision without spectacles was "fair," but that with spectacles his vision was "20–20."

Police Officer John Littleton testified that he and his partner, Robert Christian, both dressed in civilian attire, were proceeding south on Kedzie Avenue in an unmarked squad car approaching Ogden Avenue about 10:20 p. m. on the night in question. The officer testified he observed a "commotion" on the southwest corner of that intersection. As Officer Littleton kept the situation in constant view by looking over his shoulder, Officer Christian brought the squad car to a stop in an alley on the west side of Kedzie Avenue, some seven or eight automobile lengths south of the scene of the altercation. Officer Littleton testified that when he alighted from the squad car he observed a scuffle taking place on the corner involving three men. As the officers proceeded to the scene on foot, the commotion ceased and defendant Stewart began walking toward the officers. Officer Littleton stated he stopped Stewart, announced his office and questioned Stewart. Stewart stated that he was "just walking along." Good, who at this time was still at the scene of the altercation some twenty-five feet from the officers and Stewart, ran west on Ogden Avenue and Officer Christian gave chase. When Officer Christian returned to the squad car with Good and Siuszko, Officer Littleton testified, Siuszko identified both Good and

Stewart as two of the men who attempted to rob him; both men denied the charge. Officer Littleton further testified that, at the police station, Officer Christian asked Good why he attempted to rob Siuszko, and Good asked Christian would he not do the same for his family if they were in need. Officer Littleton's police report recited that he observed three men on the corner of Ogden and Kedzie Avenues "in a strange huddle," but the officer testified that the report should have described the situation as "disorderly" rather than as a "strange huddle."

Officer Robert Christian testified that after he observed the commotion on the southwest corner of Ogden and Kedzie Avenues, he parked the squad car in an alley off the corner and that he and Officer Littleton proceeded to the scene on foot. The officer testified that his partner detained Stewart, who was walking toward them, while he proceeded after Good who fled west on Ogden Avenue. After a short chase, Good was apprehended and searched; a knife was found in his pocket. The knife was identified by Siuszko at trial as that employed by Good during the robbery attempt. Good was taken to the squad car where he and Stewart were identified by Siuszko as two of the men who attempted to rob him. Officer Christian further testified that he observed Good strike Siuszko during the altercation on the corner; that, in response to questioning by the officer at the police station as to the reason Good attempted to rob Siuszko, Good asked the officer if he would not have done the same thing for his family; and that the officer did not observe anyone on the corner at the time of the altercation other than Siuszko and the two defendants.

Both Good and Stewart testified that they were visiting at a friend's house "near Kedzie Avenue and Independence Boulevard" during the evening of November 27, 1965. They left together and began walking south on Kedzie

Avenue en route to the elevated train station. As they approached Ogden Avenue they observed several men, including Siuszko, on the southwest corner of Ogden and Kedzie Avenues. The other men left Siuszko standing alone in a seemingly dazed condition. Defendants approached Siuszko and inquired of him. what was the matter. Stewart testified he handed Siuszko his spectacles and as Siuszko put them on he shouted, "Police." Stewart testified that he then walked south on Kedzie Avenue and was detained by a police officer. Good testified that when he observed Stewart being stopped by the police he became frightened and fled west on Ogden Avenue. He stated he was apprehended after a short chase. Both men denied attempting to rob Siuszko.

Defendants' first contention, that the identification testimony was vague, doubtful and uncertain, is unavailing. Three eyewitnesses, Rudolph Siuszko and Officers Littleton and Christian, identified defendants as the men who assaulted Siuszko. Siuszko testified that three men, two of whom he unequivocally identified as defendants, approached him and demanded money from him. For the two to three minute period when engaged in conversation with the defendants, Siuszko had ample time and opportunity to observe them from a face-to-face position. Defendants then began beating Siuszko, knocking his spectacles to the ground. Although it appears Siuszko's eyesight without spectacles was only "fair," he was wearing his spectacles during the period he conversed with defendants and during the time they were beating him, and it is undisputed that his vision with spectacles was "20–20." Siuszko also positively identified both defendants as his assailants immediately after the police officers returned them to the squad car a short while after the incident.

Defendants question Siuszko's ability to clearly observe due to his poor eyesight. However, the trial court ob-

served Siuszko while on the witness stand and while in the courtroom, and also witnessed certain simple tests conducted at the trial designed to test Siuszko's observation abilities; the trial court was peculiarly situated to determine Siuszko's credibility and the weight to be given to his identification testimony. The weight and credibility of the evidence is for the trier of fact to determine; a reviewing court will not substitute its findings of fact unless the proofs are so unsatisfactory as to justify a reasonable doubt of guilt. People v. Boney, 28 Ill2d 505, 510, 192 NE2d 920.

The account of the incident given by Siuszko was further corroborated by the testimony of the police officers. Although the officers stated that they were unable to observe the physical features of the men involved in the altercation on the corner when the officers first came on the scene, the persons involved were kept under constant surveillance by Officer Littleton and by Officer Christian until the arrests were effected. Not only did Officer Christian testify that he saw Good strike Siuszko during the struggle, but he also stated that he recovered a knife from Good after his arrest, which knife was identified by Siuszko at trial as that employed by Good during the altercation.

Defendants state that certain "inconsistencies" between the testimony of Siuszko and that of the police officers cast doubt upon the credibility of the State's identification evidence. One of the matters raised in this regard is that Siuszko testified that both defendants fled south on Kedzie Avenue, whereas the officers testified that Stewart fled south on Kedzie Avenue and Good fled west on Ogden Avenue. However, not only was Siuszko in a dazed condition at the time of the flight after having been beaten by the defendants, but he also was without his spectacles at that time. Furthermore, Siuszko appears to have been somewhat confused at the

383

time as evidenced by his statement that "everything happened so fast." As to the other "inconsistencies" alluded to by the defendants, that of the difference in the testimony concerning the crowd which had allegedly gathered on the corner, the third man allegedly involved in the robbery attempt, the testimony of Officer Littleton that he did not see any fists swinging when he first observed the commotion on the corner, etc., these matters are trivial and are readily explainable in view of the positioning of the respective witnesses during the altercation, the point of time at which the matter testified to occurred, and the like. These were matters of weight and credibility for determination by the trier of fact and none of them substantially detract from the credibility of the accounts of the incident related by the State's witnesses.

Defendants also maintain that they were not identified by Siuszko from a police lineup. There is no requirement that an accused be placed in a lineup for the purpose of testing the ability of a witness to identify him as the guilty party. People v. Boney, 28 Ill2d 505, 509, 192 NE2d 920. Whether an accused had been identified in this manner goes only to the weight of the identification testimony and is consequently a question for the trier of fact. People v. Mikka, 7 Ill2d 454, 458, 131 NE2d 79. The defendants were observed in an attempt to commit a crime and they were apprehended at or very near the scene and were unequivocally identified by the intended victim at the scene a short while thereafter. Placing the defendants in a police lineup for identification by Siuszko would have served no useful purpose.

For these reasons the judgments are affirmed.

Judgments affirmed.

McNAMARA and LYONS, JJ., concur.